(39 App. Div. 624.)

## WARD v. ST. VINCENT'S HOSPITAL.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. HOSPITALS—NEGLIGENCE—ACTION ON CONTRACT.

Where complainant alleges that she engaged a room in a charitable hospital, and the services of a nurse, under an agreement to pay therefor, and was injured by the negligence of the nurse, and prays for damages for such injuries, the action is in contract, and not in tort.

2. SAME—QUESTIONS FOR JURY.

In an action against a hospital for damages for a breach of contract to furnish a skilled and competent nurse, whether or not there was a breach is for the jury, where the nurse furnished was a pupil in the hospital, and not a trained graduate.

Appeal from special term, New York county.

Action by Helen D. Ward against St. Vincent's Hospital in the city of New York. From a judgment for defendant at trial term, and an order denying a motion for a new trial (50 N. Y. Supp. 466), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

Edward C. James, for appellant.

Austen G. Fox, for respondent.

BARRETT, J. The appellant contends that this action is brought to recover damages because of the breach of an express contract whereby the defendant agreed to furnish her a skilled, competent, and trained nurse. We see no reason to doubt the accuracy of this contention. Such an express contract is averred in the complaint; also, its breach, and damages resulting therefrom. The learned trial judge held that the action was exclusively in tort, and that the contract alleged was material only in the sense in which the payment of fare is material in an action for personal injuries by a passenger against a carrier. He thus held that the action was essentially for a breach of duty, and, having reached the conclusion that no such breach of duty was proved, he directed a verdict for the defendant. It is not necessary, in our view of the gravamen of the complaint, to consider the correctness of the latter conclusion. While there are phrases in the complaint which refer to the defendant's duty, yet this duty is always predicated upon the express contract alleged. In one instance the plaintiff avers that, "pursuant to the terms of the contract," the defendant received the plaintiff in the hospital; in another, that, "in consideration of the premises" (which embrace the contract), "the defendant undertook and contracted," etc.; in yet another, that, "by reason of the premises" (still the contract), "it became and was the duty of the defendant to furnish," etc.; and finally that, being in the hospital "under and in pursuance of said contract," the defendant negligently and unskillfully failed or omitted to furnish, etc. It is impossible to analyze this complaint without seeing that the breach of the defendant's contract is, throughout, the gravamen of the action. The plaintiff even alleges, as in an ordinary action upon contract, that "she has complied with all the terms and conditions of said contract,

and has fully discharged all her duties and liabilities thereunder."
Treating the phrases suggestive of a duty most favorably to the defendant, we still have an action founded upon the contract. As was said in Bank v. Brown, 3 Wend. 161:

"If plaintiff states the custom, and also relies on an undertaking, general or special, then the action may be said to be ex delicto quasi ex contractu; but in reality it is founded on contract, and to be treated as such."

The learned judge here applied, by analogy, the ordinary rule in actions against carriers. That rule, however, permits the injured passenger to maintain an action either in contract or in tort, at his election; that is, either what was formerly assumpsit for the breach of the contract, whether express or implied, or on the case for the wrong. In the present case the contract was express. It settled all questions of general duty attached by law, and became the criterion of the defendant's specific duty in this particular case. And it was a contract which the defendant certainly had power to make. Though the defendant is what is termed a "charity hospital," it has its "pay" side. Upon the latter side, it was in the habit of furnishing private rooms and nurses to well to do people for a full price. For the breach, then, of that express, specific, and valid contract, the plaintiff was entitled to the same damages as though the action had been for negligence, pure and simple. In either case she was entitled to compensation; that is, to an adequate indemnity for her injuries,—no more, and no less.

There was ample evidence of the express contract thus pleaded. The testimony adduced by the plaintiff is most explicit on this head. It was to the effect that the defendant, through its undoubtedly authorized agent, agreed, for the consideration of $21 per week, to provide her with a skillful, trained, and competent nurse. This contract was entirely reasonable, and was clearly within the scope of the authority of the sister who made it. The real question is as to the breach. The evidence on that head was, to say the least, sufficient to carry the case to the jury. The person furnished (Miss Kinney) was not a trained nurse, in the sense of being a graduate. She was a mere pupil in the defendant's training school. The course there was two years. Miss Kinney had studied in the school for but nine months. She was paid by the defendant for the services which she rendered it, while receiving her tuition, $7 per month, together with her board, lodging, and washing. For these same services the defendant, as we have seen, charged the plaintiff at the rate of $84 per month. Shortly after the operation which was the occasion of the plaintiff's visit to the hospital, and while she was yet under the influence of ether, Miss Kinney applied an unprotected rubber bag, containing very hot water, to her leg, burning it severely and causing serious injury. This was the plaintiff's evidence. Upon the other hand, evidence was given by the defendant tending to show that Miss Kinney had had experience in attending surgical cases, both before and after she entered the defendant's hospital, and had given satisfaction upon such occasions; also, that she had been instructed by a competent teacher (provided by the defendant) in the proper use and placing of hot-water bags, and that she had previously used such bags under this teacher's direction.

57 N.Y.S.—50

There was other evidence pro and con upon this subject, which need not be detailed. We have stated enough to point out the nature of the conflict upon the question whether, in assigning Miss Kinney to the plaintiff's case, the defendant fulfilled its contract to furnish a skilled, trained, and competent nurse, and also to illustrate the reason why we think that this question should not have been withdrawn from the consideration of the jury. It is said that Miss Kinney's single act of negligence did not necessarily establish her general incompetence. That may be quite true. But it was for the jury to say whether the act in question was a single act of negligence on the part of an ordinarily skillful, trained, and competent nurse, or whether it was attributable to inexperience and lack of that continuous training which a two-years course would have afforded. The jury might well have concluded that the contract contemplated a thoroughly accomplished trained nurse, as that term is ordinarily understood, and not a mere pupil, however generally apt and promising. It stands to reason that such a misfortune as happened to Miss Ward would have been less likely to occur had she been in the hands of an experienced and fully-trained graduate. It was for the jury to say whether, in furnishing this careless pupil, of limited experience, the defendant fulfilled its contract obligation to the plaintiff, and if it did not, and injury resulted from the breach of that obligation, to award her adequate compensation for such injury.

It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.