(65 App. Div. 64.)

### WARD v. ST. VINCENT'S HOSPITAL.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. HOSPITALS—NEGLIGENCE—CONTRACT—PLEADING—INSTRUCTIONS.

Where, in an action against a hospital association for damages caused by one of its nurses, the petition alleged a contract for an ordinarily well trained and skillful nurse, and there was evidence that defendant had contracted to furnish the best nurse in its hospital, it was error for the court to withdraw an instruction that defendant was not bound to furnish the best nurse in its hospital, but only an ordinarily well trained and skillful nurse, in language that he remembered the testimony of the plaintiff that defendants "would furnish the best nurse," there being a possibility that such testimony influenced the jury.

2. SAME—FAILURE TO CALL WITNESS—EFFECT.

In an action against a hospital association for damages caused by the negligence of a nurse furnished by the defendant, where the issue was as to the skill of the nurse, she was not called as a witness; and the court stated that if a witness was within the power of a party to call, but was not called, the presumption is that the witness' testimony would be adverse to the party failing to call the witness, and that the nurse in question was to be regarded as the defendant's witness, though either party might call her. The nurse had not been in the defendant's employ for some years, and had left the city. *Held*, that the rule announced by the court was too broad for the case as made out.

Appeal from trial term, New York county.

Action by Helen D. Ward against St. Vincent's Hospital. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. G. Fox, for appellant.

A. I. Elkus, for respondent.

PATTERSON, J. The plaintiff was a pay patient at the de-fendant's hospital, the business administration of which was conducted by the Sisters of Charity. A contract was made by or on behalf of the plaintiff with one of the sisters in authority, by which the former was to become an inmate of the hospital to have a surgical operation performed upon her by her own surgeon, and she was to pay a stipulated price for the accommodation of a private room and board, and an additional sum for the services of a nurse. The defendant maintained its hospital as a charity, but also received pay patients upon contract. An operation was performed upon the plaintiff, and ether was administered. While she was still under the influence of the anæsthetic a nurse selected to .attend upon her by the hospital authorities applied to her leg an India rubber bag or bottle containing water heated to such a temperature that, coming in contact with the plaintiff's leg, the flesh was literally cooked to the bone, and the plaintiff sustained very grievous injuries, entailing intense suffering for a long period of time, and which are of a permanent character. This action was brought to recover damages, and has been twice tried. On the first trial it was regarded by the trial judge as an action in tort, and the complaint was dismissed. The judgment entered upon that dismissal was reversed by this court (39 App. Div. 624, 57 N. Y. Supp. 784), and it was held that the action was upon contract, and also that the Sisters of Charity, with whom the contract was made, were the agents of the defendant, authorized to make it, and a new trial was ordered. A second trial resulted in a verdict for the plaintiff, and from the judgment entered upon that verdict, and from an order denying a motion for a new trial, this appeal is taken.

The relations established by the contract between the plaintiff and the defendant, and the nature of the cause of action asserted in the complaint herein, are, in view of what was decided upon the former appeal, not open to discussion now. The action is for a breach of a contract, and it is alleged in the complaint that the defendant contracted with the plaintiff to furnish to her the services of a skillful and experienced trained nurse or an experienced professional nurse, and the breach alleged is that the defendant wholly failed to furnish to the plaintiff the services of a skillful and experienced trained nurse or an experienced professional nurse. The issue tendered, therefore, involves the inquiry whether the nurse who was appointed by the defendant to attend upon the plaintiff was a skillful and experienced trained nurse or an experienced professional nurse, and it was that issue alone that the defendant was called upon to try. On the trial now under review it was shown that the con-

tract was made in conversations had by the plaintiff, or by her and her sister, Mrs. Howland, with ladies at the hospital known as Sisters Isidore and Ignatius,—one or both of them. There was no other way of proving the contract than by giving in evidence what was said in those conversations, and accordingly the plaintiff testified that she stated to Sister Ignatius that she wanted an experienced, skilled, trained nurse; that she wanted the best, and the price asked for the best she was willing to pay, and that Sister Ignatius replied they had eighteen young ladies in the hospital, and that they would provide the best, or what was asked for; that Sister Ignatius named the price, and the plaintiff said: "That was satisfactory. Send me the best, and what you have agreed to do, and then I will leave the selection of a nurse to you." The plaintiff also testified that Sister Ignatius said to Mrs. Howland, in the plaintiff's presence: "If you put your sister here, the very best care should be taken of her, as we will provide a nurse as agreed." It appears that the nurses were selected by Sister Ignatius, and Mrs. Howland testifies that she said to Sister Ignatius, "I want the very best trained, skilled, and experienced nurse for my sister, especially during the time of ether, as she has a great dread of being under ether, and the conditions that may happen to her, and also our whole family have a dread of the ether during the time my sister is under the influence, more than of the operation," to which Sister Ignatius replied, "I will furnish you with such a nurse, and also we will take the very best care of her while she is here;" that Sister Ignatius also said, "We are the sisters who furnish the trained nurses." The plaintiff said she wished to engage during her operation and for some time afterwards one of their best skilled and experienced trained nurses. After the testimony as to the conversation was given, the counsel for the defendant moved to strike it out because it was evidence of a contract of higher and greater obligation, and involving a larger responsibility, than would result from the contract alleged in the complaint. The criticism made upon this evidence is sound, but there was proof which tended to establish the allegation of the complaint that the defendant contracted to supply the services of a skillful and experienced trained nurse or an experienced professional nurse, and, although under the allegation of the complaint the defendant might not be held liable for the greater obligation testified to by the plaintiff and her sister, yet there was proof to support the allegation as made in the complaint. In view of that allegation and of the testimony that was given of a contract which would devolve upon the defendant greater obligations than those which would result from the contract pleaded, it was entitled to have the case go to the jury only upon the contract set forth in the complaint. The plaintiff had testified that she said to Sister Ignatius that she wanted "an experienced, skilled, trained nurse." Therefore there was evidence to establish that a contract of the character mentioned in the complaint was entered into. No motion was made at the trial to amend the complaint, and counsel for the defendant at every stage of the trial at which the question could arise earnestly insisted upon the confinement of the

relations of the parties to those which would grow out of the contract pleaded, and upon which the plaintiff relied in her complaint. The trial judge should have instructed the jury that the plaintiff could not recover upon a wider or broader contract, and, indeed, in effect he did say so in one part of his charge. He said:

"If you find that the agreement was as alleged in the complaint, then you will proceed to determine the assertion on the part of the plaintiff that, although she (the plaintiff) kept the agreement on her part,—paid her money, fulfilled the terms and conditions,—there was a breach on the part of the defendant."

And he also charged the jury that it was for them to say, in the light of all the testimony, whether the act of the nurse in placing the hot-water bag was a skillful act or negligence on the part of an ordinarily skillful, trained, and experienced nurse, or whether it was attributable to inexperience and lack of training and skill. There was a plain statement to the jury of what the issue under the pleadings was, and what the concrete question of fact for them to determine was. If the learned judge had adhered to that view of the case, no difficulty would be presented; but the jury might well have believed he receded from it. After the general charge, the defendant asked the court to instruct the jury "that no matter what was said by the plaintiff and her sister, Mrs. Howland, and by Sisters Ignatius and Isidore, the defendant was not bound to assign to the plaintiff the best nurse in its hospital, but only a nurse who was ordinarily well trained and ordinarily competent and skillful"; and the judge said he charged it. Whereupon counsel for plaintiff said, "Your honor does not charge that in view of the testimony." The court responded, "I remember now the testimony that the defendant's representatives, the sisters, stated, according to the testimony of the plaintiff, that they would furnish the best nurse. I think I will withdraw my statement there in regard to that, and refuse to charge otherwise than I have already charged;" and an exception was taken by the defendant. It seems to us that this was error on the part of the court. The defendant was entitled to the instruction that the defendant was not bound to assign to the plaintiff the best nurse in its hospital. The testimony of Mrs. Howland respecting the higher grade of nurse came into the case only in consequence of its being necessary to prove the whole conversation, and the defendant's counsel was particularly careful in his efforts to prevent its affecting the minds of the jurors. It is quite obvious that testimony of the higher obligation may have been very influential with the jury in producing the verdict. It appears that there was attached to the hospital a training school for nurses; that there were various grades of nurses in that school, who were selected to attend upon patients in the hospital; that there was a two years course of study and instruction of such pupils; and that the nurse selected to attend upon the plaintiff was in the eighth month of her education as a nurse; and one of the ladies in charge of the hospital testified that pupils must study two years in the training school attached to the hospital before they became graduated trained nurses. It is not difficult to see, upon such testimony, that the jury may have drawn

the conclusion that the nurse furnished to the plaintiff was not the best that could have been provided, and from that have deduced the conclusion that there was a plain breach of the contract.

There are other errors assigned to the rulings of the court which would require very serious examination if their consideration were necessary now to a determination of the case. One of them relates to the refusal of the court to charge the jury that the fact that the nurse who attended upon the plaintiff did not testify as a witness was not to be considered by the jury as having any bearing on the question whether she was an ordinarily competent and skillful nurse when she was assigned to the care of the plaintiff. In answer to that request the court said that the rule is that where it appears to the satisfaction of the jury that a witness is within the power of a party to call, and the party fails to call that witness, then the presumption is that if the witness were called the testimony would be adverse to the party failing to call such witness. One of the jurors said inquiringly to the court, "We understand that the nurse is one of the defendant's witnesses?" to which the court replied, "She has not been called by either party. Yes; she must be regarded as a person who might have been a witness for the defendant, as she was present part of the time, and acquainted with some of the facts." But the court also added that it was within the power of either party to call her if they wished to do so, provided they could find her, but whether they could find her or not does not clearly appear. The learned judge also instructed the jury that, if they gave much consideration to the absence of the nurse, they would bear in mind the rule of law laid down. There was evidence to show that this nurse had not been in the employment of the defendant for some years, and that she had left the city of New York; and what the jury might have regarded as the rule of law laid down by the court was, we think, too broad for the particular case. It is unnecessary, however, to enlarge upon this subject, as it is not probable that upon a retrial, which must be ordered, the question will again be raised.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; INGRAHAM, J., in result.