(112 App. Div. 663)

### NOBLE v. HAHNEMANN HOSPITAL OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. CHARITIES—INJURIES TO THIRD PERSONS.

A hospital organized under Laws 1889, p. 93, c. 95, providing for the organization of hospitals, the directors and managers of which receive no financial benefit, and which is not a business project, though it receives compensation for some of its patients, is not liable for the negligence of its ambulance driver.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Charities, § 103.]

2. HOSPITALS—PERFORMANCE OF GOVERNMENTAL FUNCTIONS.

Where a hospital, under an agreement with a city, took charge of the city's ambulance service, the hospital was not liable for the negligence of its ambulance driver while responding to a call from the police department of the city, as the hospital was performing a governmental function.

Action by Sarah Noble against the Hahnemann Hospital of Rochester. Verdict directed for defendant, and exceptions thereto ordered heard in the first instance at the Appellate Division of the Supreme Court. Exceptions overruled, and judgment ordered for defendant on the verdict.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John D. Lynn, for appellant.
James S. Havens, for respondent.

SPRING, J. The plaintiff was sitting in a wagon on South avenue, in the city of Rochester, on the 23d of September, 1902, while her husband was delivering produce. The wagon was reasonably close to the curb, with plenty of room for a team to pass it in the street. An ambulance of the defendant, drawn by one horse, in charge of one of the

defendant's employés, responding to a hurry call for a person needing immediate medical assistance, was passing rapidly along the street, and collided with the wagon occupied by the plaintiff, overturned it, throwing her to the pavement, and inflicting injuries upon her. There was sufficient proof of want of care by the driver and freedom from negligence on the part of the plaintiff to require the submission of these questions to the jury, except for other facts which exempt the defendant from liability. The defendant was incorporated pursuant to chapter 95, p. 93, Laws 1889. That act is a general one for the organization "of hospitals, infirmaries, and dispensaries for invalids or aged and indigent persons." A corporation formed by virtue of this act does not require any capital stock, and it is not a money-making venture or a business project. The managers serve without compensation. Section 9. The certificate incorporating the defendant states:

"We, the undersigned, do hereby certify that we desire to form a corporation for the purpose of erecting, establishing, maintaining, and operating a hospital for the reception, care, maintenance, giving of medical and surgical advice, aid, and treatment to persons afflicted with maladies or physical injuries or weaknesses. * * * That the object for which this corporation is formed is the erecting, establishment, maintenance, and operating of the Homeopathic Hospital, a medical dispensary in the city of Rochester, the practice of which shall be forever based on the principle of homeopathy."

The hospital of the defendant is located in the city of Rochester, and has sufficient capacity to take care of about 50 patients. Some of these patients pay for the services they receive, some pay nothing; partial support for others is furnished by the city or county of Monroe. The hospital is supported by "donations, contributions, legacies, revenue from pay patients, money received from city and county for public patients, and the ambulance money, of course, is used, as other moneys in the hospital are used, to carry on its general work." The directors and managers receive no compensation for their services, and the medical staff, comprising 12 or 15 physicians, also get no pay from the defendant, and the institution is not self-supporting. An ambulance service is connected with the hospital. Prior to 1896 the city of Rochester maintained its own ambulance service. At that time its common council entered into an agreement with each of the four hospitals in the city to take charge of that service, paying each of them $1,000 a year out of the poor fund, and the defendant was one of those thus employed by the city, and the employment has continued in pursuance of the agreement. The defendant being a benevolent institution, and no financial benefit accruing to its directors and managers, we think the doctrine of respondeat superior does not apply. Corbett v. St. Vincent's Ind. School, 79 App. Div. 334, 79 N. Y. Supp. 369, affirmed 177 N. Y. 16, 68 N. E. 997; Collins v. N. Y. Post Grad. Med. College, 59 App. Div. 63, 69 N. Y. Supp. 106; Benton v. Trustees of City Hospital, 140 Mass. 13, 1 N. E. 836, 54 Am. Rep. 436; Downs' Adm'x v. Harper Hospital (Mich.) 60 N. W. 42, 25 L. R. A. 602, 45 Am. St. Rep. 427. In each of the cases cited the injury was inflicted on the person while in the institution, either involuntarily an inmate, or there for some other specific purpose. A master is liable for the negligence of his servant because he employs him expecting to derive

profit from the employment. The defendant and similar institutions are not liable for negligence because they are organized for benevolent or charitable purposes. There would, therefore, seem to be no distinction whether the servant—a competent man for the service in which he is engaged—carelessly injures one while in the hospital or in the street.

Even though the defendant received compensation for some of its patients, it still falls within the definition of a charitable institution. People ex rel. Inst. for Blind v. Fitch, 154 N. Y. 14, 47 N. E. 983, 38 L. R. A. 591; Corbett v. St. Vincent's Ind. School, supra; Downs' Adm'x v. Harper Hospital (Mich.) 60 N. W. 42, 25 L. R. A. 602, 45 Am. St. Rep. 427. Passing that, however, the defendant at the time of the collision was responding to a call from the police department of the city. It was performing a duty imposed upon the city as one of its governmental functions, but intrusted to the defendant. The defendant was representing the city, and was no more liable for the negligence of its driver than the city would be for an assault committed by a policeman in the discharge of his duty, or if a fireman in answering an alarm of fire should run over a traveler in the street. Dillon's Mun. Corp. §§ 975, 976; Corbett v. St. Vincent's Ind. School, 177 N. Y. 16, 68 N. E. 997; Maxmilian, Adm'x, v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468; Lefrois v. County of Monroe, 162 N. Y. 563; 57 N. E. 185, 50 L. R. A. 206.

The municipality in its corporate capacity is not benefited specially by the exercise of the sovereign power in the cases instanced, but is performing a service essential for the welfare of the public in preserving the peace, or in preventing the destruction of property, or some other kindred obligation; and public policy demands that the city be given immunity from liability for the want of care of those who are actually performing the duty. The rule is not altered because defendant, instead of the city, had charge of the ambulance. In Corbett v. St. Vincent's Ind. School, supra, the defendant was a charitable industrial asylum, but received minors convicted of crimes, and it was held exempt from liability, for injury resulting from the negligence of its managers. The defendant is the agent or representative of the city, and the same principle which gives freedom from liability to the city is also effective to exonerate the hospital corporation.

The plaintiff's exceptions should be overruled, with costs and disbursements of this appeal, and judgment ordered for the defendant on the verdict, with costs. So ordered. All concur.