(61 Misc. Rep. 501.)

### CUNNINGHAM v. SHELTERING ARMS.

(Supreme Court, Special Term, New York County. December, 1908.)

CHARITIES (§ 45*)—CHARITABLE CORPORATIONS—LIABILITY FOR TORTS.

    A charitable corporation is not liable for the death of an inmate in that institution, though the inmate is a minor and does work about the building, and the corporation receives a small sum of money each month under the agreement for which he is cared for, where he fell from a window ledge when cleaning a window under direction of a servant of the corporation whose competency was not questioned.

    [Ed. Note.—For other cases, see Charities, Cent. Dig. § 103; Dec. Dig. § 45.*]

Action by Elizabeth Cunningham, administratrix, against the Sheltering Arms. Verdict for defendant. On motion to set aside verdict and for a new trial. Granted.

John T. Fenlon, for plaintiff.
Roosevelt & Kobbe, for defendant.

BENTON, J. Defendant is domestic corporation, incorporated under the laws of this state for the organization of charitable corporations. Such is the statement of plaintiff's brief, and such is the contention of the defendant, and such the articles of incorporation show it to be. Plaintiff's intestate was a boy under nine years of age, and an inmate of the institution conducted by the defendant under an agreement between the plaintiff, the boy's mother, and the defendant. Plaintiff's intestate was killed by falling from a window ledge on which he was standing, as plaintiff claims, in the act of cleaning the window on the outside by direction of the defendant's servant, Miss

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kate Mills, who was in charge of the top or third floor on which the window was located.

The right to maintain an action after death caused by negligence is a statutory one. It is given by section 1902, Code of Civil Procedure. It is maintainable to recover damages for the wrongful act, neglect, or default causing death, and only in case the defendant would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. This section is a substantial reprint of Laws 1847, p. 575, c. 450, and Laws 1849, p. 388, c. 256. This action is not the devolution of a cause of action the deceased would have had. It is an entirely new cause of action. "The system of the statute, as well as the common law, is that the right of action for damages on account of bodily injuries which belonged to the deceased while he lived was extinguished with his death." Whitford v. Panama R. Co., 23 N. Y. 465, 468.

Plaintiff maintains that an action is maintainable by her for breach of a contract under which defendant received her boy. Defendant claims that it is a charitable institution, and that the rule of respondeat superior does not apply, and that it can only be held by proof that it did not exercise due care in providing a competent person to take charge of the boy. There is no question but that Miss Mills was competent. On the contrary, it was expressly admitted upon the trial that she was competent. The evidence establishes that the defendant is a charitable institution. It is not run for profit, has no stock, and pays no salaries, except to employés for services rendered. It was endowed by private beneficence, and holds its funds in trust for charitable purposes. It does to some extent receive compensation for care of some of the inmates intrusted to it, but it is not in any sense for profit. The effect is to broaden the field of its beneficence and enable more to be instructed and cared for than the limit of its endowment would otherwise permit. For the care, board, and keeping of the boy the plaintiff agreed to pay $6 per month. Nevertheless, the defendant is within the "definition of charitable institutions." Noble v. Hahnemann Hospital, 112 App. Div. 663, 665, 98 N. Y. Supp. 605, 607. The law has been considered settled and well-nigh universal that the doctrine of respondeat superior does not apply to a benevolent institution, as the directors and managers receive no financial benefit. Noble v. Hahnemann, supra, and cases there cited. The rule is well settled, but the reasons assigned are not uniform. 6 Cyc. 975, and cases there cited. The history of the doctrine and a review of the authorities is found in Haas v. Missionary Society, 6 Misc. Rep. 281, 26 N. Y. Supp. 868.

Plaintiff relies upon Ward v. St. Vincent's Hospital, 78 App. Div. 317, 79 N. Y. Supp. 1004; 65 App. Div. 64, 72 N. Y. Supp. 587, and 39 App. Div. 624, 57 N. Y. Supp. 784. In that case defendant agreed to furnish plaintiff a skilled and competent trained nurse. The contract was express and specific. The action was brought to obtain damages for breach of that contract. Defendant was a charity hospital, but the court says:

"It has its pay side. Upon the latter side it was in the habit of furnishing rooms and nurses to people for full price. For breach of that express, specific, and valid contract, plaintiff was entitled to the same damages as though the

115 N.Y.S.—37

action had been for negligence. In either case she was entitled to adequate indemnity for her injuries, no more or no less." 39 App. Div. 624, 57 N. Y. Supp. 784.

Plaintiff claims that, although this institution was generally a charitable institution, in this particular instance it was not, because of the agreement whereby it was to receive $6 per month, and that, no matter how small the amount, the moment it demands payment for its work it withdraws its work from its otherwise charitable nature. I do not agree with this contention. In my opinion there was no express contract for breach of which this action will lie. Therefore neither the case of Ward v. St. Vincent's Hospital nor the still later case of Kellogg v. Church Charity Foundation, 128 App. Div. 214, 112 N. Y. Supp. 566, authorizes the recovery in this case. The defendant provided a competent person, concededly so, in whose care and charge the boy was placed.

Considerable stress was laid at the time of the trial upon the fact that the boy had certain duties to perform. There is no foundation, in my judgment, for the contention that the contract under which the boy was received exempted him from all tasks; rather defendant is to be commended for imposing such duties, reasonably adapted to the age and experience of its inmates, as may tend to train them in habits of neatness, self-help, and industry. "It is true that the dividing line between breach of contract and torts is often uncertain." Busch v. Interborough R. T. Co., 187 N. Y. 388, 80 N. E. 197. I am of the opinion, as a matter of law, that this action was not maintainable for breach of contract or for negligence.

It follows that defendant's motion must be, and is, therefore, granted, the verdict set aside, and a new trial granted.

Motion granted, and new trial ordered.