## CUNNINGHAM v. THE SHELTERING ARMS.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. CHARITIES (§ 45*)—INSTITUTION FOR CARE OF CHILDREN—LIABILITY FOR NEGLIGENCE OF EMPLOYÉ—LOSS OF CHARITABLE CHARACTER.

Because the mother of a child contributed to the expense of its care, an institution caring for the child did not lose its charitable character so as to make it liable for the child's death, if due to the negligence of an experienced employé.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 103; Dec. Dig. § 45.*]

2. CHARITIES (§ 45*)—LIABILITY OF CHARITABLE INSTITUTIONS FOR NEGLIGENCE OF EMPLOYÉS.

A charitable institution, from which no financial benefit accrues to its directors or organizers, is not liable to a recipient of its charity resulting from the negligence of one employed in furtherance of its objects, providing due care was exercised in selecting the employé.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 102; Dec. Dig. § 45.*]

Appeal from Trial Term, New York County.

Action by Elizabeth Cunningham, as administratrix of David Cunningham, deceased, against The Sheltering Arms. From an order (61 Misc. Rep. 501, 115 N. Y. Supp. 576) setting aside a verdict for plaintiff, and ordering a new trial, she appeals. Affirmed, and complaint dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before INGRAHAM, CLARKE, HOUGHTON, Mc-LAUGHLIN, and SCOTT, JJ.

John V. Judge, for appellant.
Frank E. Blackwell, for respondent.

SCOTT, J. The plaintiff appeals from an order setting aside a verdict in her favor and ordering a new trial. The action is the usual statutory one for the death of plaintiff's intestate alleged to have resulted from the negligence of one of the defendants' servants.

The defendant is a charitable institution organized and maintained for the care of children. The deceased was the infant son of plaintiff, by whom he had been placed in defendants' care. His death resulted from a fall from a window during the temporary absence from the room of a matron or attendant. Upon the evidence it is more than doubtful whether the attendant was guilty of negligence, or whether the accident was the natural and probable result of any act of hers, or one which she should have foreseen. There is a broader ground, however, upon which the order appealed from can be sustained, and one on which we prefer to place our decision, since it will dispose of the litigation. As has been said, the defendant is a benevolent and charitable organization, and it did not lose this character because the mother of deceased contributed towards the expense of his care. Noble v. Hahnemann Hospital, 112 App. Div. 663, 98 N. Y. Supp. 605. It appeared that the attendant to whom the plaintiff seeks to attribute negligence was a person of long experience in the care of children in institutions, and no question is made as to her general capacity. It is a well-established rule, upheld by a number of decisions in this and other states, that a charitable institution, from which no financial benefit accrues to its directors or organizers, is not liable for an injury to a recipient of its charity resulting from the negligence of a person employed by the institution in the furtherance of its objects, providing that due care had been exercised in selecting the employé. Whatever may originally have been the reason for the rule, it is now too firmly established to be questioned here, and should be considered as constituting an element of the relation between the benefactor and the beneficiary.

The appellant places great reliance on Ward v. St. Vincent's Hospital, 39 App. Div. 624, 57 N. Y. Supp. 784; Id., 65 App. Div. 64, 72 N. Y. Supp. 587; Id., 78 App. Div. 317, 79 N. Y. Supp. 1004, and Kellogg v. Church Charity Foundation, 128 App. Div. 214, 112 N. Y. Supp. 566. Neither of these cases resemble the present. In the Ward Case it was said over and over again that the defendant's liability, if any, rested upon its special contract with the plaintiff, and not upon tort. In the Kellogg Case the plaintiff was not a beneficiary of the defendant, but a stranger who was run into and injured by an ambulance driven by one of the defendant's servants. Hence the relations of benefactor and beneficiary, upon which the exemption rests, was absent. That relation clearly existed between plaintiff's intestate and this defendant, and the fact of that relation exempts the defendant from liability even if there was negligence on the part of its servant. No

evidence could change this fact, and it would be useless to send the case back for another trial.

The order appealed from will therefore be affirmed in so far as it set aside the verdict, and the complaint dismissed, with costs to the respondent in this court and the court below.  All concur.

---

## HAVANA CENT. R. CO. v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

1. TRUSTS (§ 356*)—MISAPPROPRIATION—RECOVERY.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 529–538;  Dec. Dig. § 356.*]

2. TRUSTS (§ 359*)—ENFORCEMENT AGAINST TRANSFEREE—FORM OF ACTION.

An action for money received will lie in favor of the true owner of money held in trust and transferred by the trustee to defendant for a purpose foreign to the trust with notice.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 554;  Dec. Dig. § 359.*]

3. BANKS AND BANKING (§ 130*)—TRUST DEPOSITS—MISAPPROPRIATION—NO-TICE.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 325;  Dec. Dig. § 130.*]

Scott and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.