HANNAH KLEIN, Appellant, *v.* NEW YORK EYE AND EAR INFIRMARY, INC., Respondent.

NATHAN KLEIN, Appellant, *v.* NEW YORK EYE AND EAR INFIRMARY, INC., Respondent.

Second Department, October 22, 1924.

**Corporations — charitable corporations — action for injuries suffered by patient in hospital when she fell down stairs while returning to her room after treatment of eyes — treatment made patient partially blind — nurse refused to accompany her — complaint and bill of particulars relied on negligence as well as breach of contract — defense that defendant is charitable corporation will not be stricken out.**

In an action by a patient of a hospital to recover for injuries received when she fell down stairs while returning to her room after her eyes had been treated, in which the complaint alleges that the treatment of the eyes made the patient partially blind and that the nurse refused to accompany her to her room, a defense that the defendant is a charitable corporation conducting a hospital without profit will not be stricken out, in view of the fact that both negligence and breach of contract are relied on in the complaint and bill of particulars.

JAYCOX, J., dissents.

APPEAL in each of the above-entitled actions by the respective plaintiffs, Hannah Klein and Nathan Klein, from orders of the Supreme Court, made in each action at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 29th day of September, 1923, denying the motion of the plaintiff in each action to strike out the further and separate defense contained in the answer upon the ground that said defense is insufficient in law upon the face thereof.

*Sydney A. Syme,* for the appellants.

*Edwin A. Jones* [*Samuel Riker, Jr.,* with him on the brief], for the respondent.

In each case order affirmed, with ten dollars costs and disbursements, on opinion of Mr. Justice SEEGER at Special Term.

KELLY, P. J., RICH, MANNING and KELBY, JJ., concur; JAYCOX, J., dissents.

The following is the opinion delivered at Special Term:

SEEGER, J.:

Motion by the plaintiff for an order striking out of the defendant's answer to the amended complaint of the plaintiff the further and separate defense contained in said answer, upon the ground that said defense is insufficient in law upon the face thereof.

The action is brought to recover damages sustained by the

plaintiff Hannah Klein by reason of a breach of an alleged contract to furnish the plaintiff with board and with adequate and reasonable care and attendance, the attendance of a nurse or nurses, who was or were ordinarily well trained and ordinarily competent and skillful, while the said plaintiff was a pay patient in defendant's hospital for the purpose of having an operation performed upon her eyes by a surgeon connected with said hospital. And the plaintiff alleges that after said operation plaintiff remained in said hospital and received medicine and treatment from a nurse in the employ of the defendant, and that pursuant to instructions from said nurse said plaintiff went to the nurse's room where the nurse dropped some liquid into plaintiff's eyes which had the effect of temporarily taking away plaintiff's eyesight, and while said plaintiff's eyesight was so impaired as to prevent plaintiff from seeing, plaintiff was instructed and directed by said nurse to return to the room occupied by plaintiff, and although plaintiff informed the nurse that plaintiff was unable to see and requested said nurse to accompany plaintiff back to her room the nurse refused to accompany plaintiff and asserted to plaintiff that the way was clear, and that plaintiff could safely return to her room without assistance and guidance; and that pursuant to said direction and instruction plaintiff proceeded to return to her room, and without any negligence on her part turned in the wrong direction and stepped through an open door unseen by her, and was caused to fall down a flight of stairs and received severe and permanent injuries; all of which said plaintiff alleges was caused by the failure of the defendant to furnish plaintiff with adequate, reasonable and necessary care and attendance, and by the act of the defendant in furnishing her with a nurse who was not ordinarily competent and skillful, and by the failure of the defendant to furnish the said plaintiff with any attendance whatever upon said occasion.

The separate defense which the plaintiff asks to have stricken out alleges that the defendant is a charitable, benevolent and eleemosynary corporation, conducting a hospital for the care and treatment of all persons suffering from diseases of the eyes, ears and throat for the benefit of the public, and not for any private gain or return, and that it owns and maintains said hospital through funds given to it for the purposes of its incorporation and by donations or contributions to it from or through the State and municipality, etc., and that said hospital has never been run, organized or conducted for profit, and that no financial benefit accrues to its directors or organizers, and that the contributions or payments to the defendant for treatment or attention thereat are used solely in furtherance of its charitable and benevolent

objects and purposes, and that the said plaintiff as such patient in a ward of said hospital received general nursing, care, board and attention, accepted the benefits of the charitable purposes for which the defendant was formed, and paid or contributed to the hospital three dollars per day, which went into the general fund of defendant, was used wholly and exclusively for its charitable purposes and there was no personal profit to the defendant.

The plaintiff Nathan Klein, the husband of the plaintiff Hannah Klein, sets up a cause of action for loss of services of his said wife and for expenses incurred by him by reason of the accident to his said wife, and the defendant sets up the same separate defense thereto.

Before making this motion the defendant asked the plaintiff to stipulate that the actions were for breach of contract alone, or were in negligence, and the plaintiff's attorney replied to the effect that it would be impossible for him to make any stipulation, and that he felt compelled to stand upon the phraseology of the amended complaint without placing any limitation thereon by stipulation or otherwise.

Plaintiff concedes that if this action were an action for negligence, pure and simple, the pleaded defense would, at least in the first instance, be sufficient, but the plaintiff contends that the gravamen of the action is the breach of the defendant's contract, and that, therefore, the plea that the defendant is a charitable institution constitutes no defense, and cites the case of *Ward* v. *St. Vincent's Hospital* (39 App. Div. 624) as authority for the proposition that a public charitable hospital is liable to a patient therein for injuries sustained by the patient for a breach of a contract to furnish a competent nurse and attendance. This case has been cited and apparently followed in several cases (*Roche* v. *St. John's Riverside Hospital,* 96 Misc. Rep. 289; affd., 176 App. Div. 885; *Collins* v. *N. Y. Post Graduate Medical School,* 59 id. 63; *Ward* v. *St. Vincent's Hospital,* 78 id. 317, 320; *Wilson* v. *Brooklyn Homeopathic Hospital,* 97 id. 37; *Cunningham* v. *Sheltering Arms,* 61 Misc. Rep. 501), and plaintiff contends that the rule in the *Ward* case seems to have been followed in *Thomas* v. *Buffalo Columbus Hospital* (199 App. Div. 905), where a recovery in favor of plaintiff was unanimously affirmed by the Appellate Division of the Fourth Department.

The plaintiff also cites the case of *Goodman* v. *Brooklyn Hebrew Orphan Asylum* (178 App. Div. 682), in which the Appellate Division of the Second Department unanimously reversed a judgment in avor of the defendant entered upon a dismissal of the complaint by direction of the court at the opening, and the court said: " The general principle that protected such institutions as the defendant

from actions for negligence, as declared in *Corbett* v. *St. Vincent's Industrial School* (177 N. Y. 16) and *Ackley* v. *Board of Education* (174 App. Div. 44), does not include their negligence that results in the choice of incompetent, unskillful and careless servants." (Citing cases.)

In the case at bar the complaint alleges that the injuries here resulted in part from " the act of the defendant in furnishing her with a nurse who was not ordinarily well trained and was not ordinarily competent and skillful " and who gave plaintiff the direction which resulted in her receiving her injuries, " because she, the said nurse, was not well trained or ordinarily competent and skillful."

It, therefore, appears quite clearly that plaintiff does not base her case entirely upon the allegations of breach of contract, but alleges negligence in the selection and employment of the nurse who attended plaintiff as well as negligence on the part of the nurse.

In her bill of particulars the plaintiff states: " The gravamen of plaintiff's cause of action is a breach of defendant's contract with the plaintiff, and defendant's negligent performance of that contract."

This may be construed as alleging negligence on the part of the nurse who attended the plaintiff, and who, it is alleged, failed to give her attendance at the time plaintiff was injured. As plaintiff has given notice that she intends to rely upon the phraseology of her pleading, the defendant must plead all its defenses to the cause of action.

Section 242 of the Civil Practice Act reads, so far as applicable, as follows: " Certain facts to be ·pleaded. The defendant * * * shall raise by his pleading all matters which show the action * * * not to be maintainable, * * * and all such grounds of defense * * * which if not raised would be likely to take the opposite party by surprise or would raise issues of fact not arising out of the preceding pleadings."

In the very interesting case of *Schloendorff* v. *New York Hospital* (211 N. Y. 125), which settled the law as to the relations between a hospital maintained as a charitable institution and its physicians and nurses, the plaintiff sought to recover for a breach of a contract by operating upon her without her consent, and the answer contained a separate defense similar to that interposed in the case at bar.

In *Ward* v. *St. Vincent's Hospital* (78 App. Div. 317, 323) the court said in reference to the act of the nurse in placing the hot water bag which injured the plaintiff, that if it was a thoughtless or careless act upon her part, no liability attached to the defendant.

It is a question whether the court upon this last appeal in the

First Department, November, 1924. [Vol. 210

*Ward* case did not practically repudiate the earlier decision in the case, for Mr. Justice McLAUGHLIN said (at p. 320): " As an original proposition, I should very much doubt whether Sister Ignatius, giving to the plaintiff's testimony all that could be claimed from it, had the power to make the contract alleged, even if the defendant itself — a charitable institution — could have done so."

I am of the opinion that the defendant should be permitted to set up the separate defense alleged, in view of the character of the plaintiff's pleading and bill of particulars, and that the plaintiff's motion must be denied.