LENA GOLDBERG, as Administratrix, etc., of BENJAMIN GOLDBERG, Deceased, Appellant, *v.* NEUROLOGICAL INSTITUTE OF NEW YORK, Respondent.

First Department, May 3, 1935.

*Fred M. Ahern,* for the appellant.

*Barnett Cohen* of counsel [*Ireland, Cohen & Hendrickson,* attorneys], for the respondent.

MERRELL, J. In her complaint the plaintiff alleges that she is the administratrix of the estate of Benjamin Goldberg, deceased, and that the defendant is a domestic membership corporation owning and conducting a sanitarium known as the Neurological Institute of New York, as a private sanitarium for the care and treatment of nervous and mental diseases, and held itself out to the public as an institution receiving and caring for patients afflicted with nervous and mental diseases and disorders. Plaintiff further alleges that on or about September 21, 1933, and for some time prior thereto, plaintiff's intestate was suffering from a nervous breakdown and nervous disorder; that on or about the 19th and 20th days of September, 1933, the defendant was informed

and advised that plaintiff's intestate was, at said time and for some time prior thereto, manifesting intentions to commit suicide. Plaintiff further alleges that on or about September 19, 1933, plaintiff's intestate and Lena Goldberg, for and on behalf of plaintiff's intestate, then and there agreed with the defendant that, in consideration of a certain sum of money agreed to be paid to defendant hospital, the said defendant would provide all proper medical care, treatment and attendance for the said plaintiff's intestate, and it was then and there likewise further agreed that the defendant hospital would receive the plaintiff's intestate under its care, charge and custody and would care for, mind, watch, protect and safeguard the said plaintiff's intestate, and would exercise over him a constant and watchful surveillance and scrutiny, to the extent that his nervous condition and disorder reasonably required; that the consideration agreed to be paid to the defendant hospital was the sum of four dollars per day, plus additional charges to be rendered and medicine supplied, until the defendant should discharge the intestate. Plaintiff alleges full performance by plaintiff's intestate and the said Lena Goldberg of all the terms and conditions of the contract on their part to be performed. Plaintiff then alleges that the defendant failed and refused to keep the promises and agreements on its part promised and agreed to be performed by it, and did not care for, mind, watch, protect and safeguard the said plaintiff's intestate, nor did it exercise constant and watchful surveillance and scrutiny over and of the said plaintiff's intestate, but, on the contrary, the defendant failed to do the things agreed by it to be performed, in consequence of which facts, matters and circumstances, and through such breaches of the contract by defendant as aforesaid, the plaintiff's intestate died on September 21, 1933, while in the custody of the defendant, by hanging himself. Plaintiff alleges that said suicide occurred while the said intestate was unattended. In the fifteenth clause of the complaint we find this allegation: " That this action is brought under and by virtue of the laws and statutes of the State of New York applicable thereto." Judgment is demanded against the defendant in the sum of $75,000, besides interest from September 21, 1933.

The answer of the defendant, beyond denials, contains a separate and distinct defense wherein the defendant alleges that the said defendant was incorporated for charitable, hospital and eleemosynary activities and at all the times mentioned in the complaint and in the answer the defendant was engaged in such charitable, hospital and other eleemosynary activities; that plaintiff's intestate, at all times in the complaint, entered defendant's

hospital for hospitalization and was a recipient of the eleemosynary benefits for which defendant was incorporated; that whatever injuries were sustained by plaintiff's intestate at the times and places mentioned in the complaint which led to his death were so received by him while he was a recipient of the benefits of the eleemosynary activities for which defendant was incorporated, and by reason thereof plaintiff herein has no cause of action against defendant.

Plaintiff moved to strike out the said separate and distinct defense contained in the answer of the defendant, and said motion was denied by the order appealed from. No opinion was written by the justice in denying the plaintiff's motion, except the following statement contained in the order appealed from: " Though not specifically so denominated in the complaint, the action sounds in negligence. The fact that the plaintiff carefully attempts to set up contract will not save it."

It is conceded that if the action sounds in negligence, then the special defense interposed in the answer was sufficient as a bar to any recovery on the part of the plaintiff for the death of her intestate while an inmate of the defendant, a charitable institution. The only question involved upon this appeal is whether, as plaintiff contends, the action was brought to recover damages for breach of contract, or whether, in fact, the basis of plaintiff's alleged cause of action was negligence on the part of those conducting the defendant institution to care for, mind, watch, protect and safeguard the plaintiff's intestate, and to exercise over him a constant and watchful surveillance and scrutiny. It is very evident that the complaint was drawn with the purpose of avoiding the special defense set up in the answer of the defendant. While it is true the plaintiff alleges a breach of contract in failure to perform the agreement under which it is alleged the plaintiff's intestate was received in the defendant institution, nevertheless, it seems to us, the action really sounds in negligence. In any event, we think the court, in the present state of the action, properly denied the plaintiff's motion to strike out said defense. If, upon the trial, it should turn out that the plaintiff's intestate came to his death as the result of negligence, then the defendant should have an opportunity to present the defense alleged. It seems to us of no importance whatever that the words " negligence " and " carelessness " were not used in the complaint as causing the death of plaintiff's intestate. If the complaint was, in fact, susceptible of a construction of a right of action in tort for negligence, then the complaint may be answered by the defense which is now subject to attack. " The dividing line between breaches of con-

tract and torts is often dim and uncertain." (*Busch* v. *Interborough Rapid Transit Co.*, 187 N. Y. 388.) It is the very uncertainty as to whether or not this action is on contract or in negligence that necessitates the presentation of the defense alleged in the answer herein. The plaintiff alleges that the defendant " did not care for, mind, watch, protect and safeguard the said plaintiff's intestate, nor did defendant exercise constant and watchful surveillance and scrutiny over and of the said plaintiff's intestate, but on the contrary, the defendant failed to do the things agreed by it to be performed." It is difficult to see why this is not a good plea of negligence on the part of the defendant. The case at bar is quite like that of *Klein* v. *New York Eye & Ear Infirmary, Inc.* (201 N. Y. Supp. 218; affd., App. Div., 2d Dept., 210 App. Div. 770). At Special Term in that case Justice SEEGER, in denying motions of the plaintiffs to strike out a similar defense interposed in that action, wrote a very good opinion (201 N. Y. Supp. 218) refusing to strike out from the answer the allegation in question. In his opinion Justice SEEGER cites and discusses numerous authorities, and closes as follows: " I am of the opinion that the defendant should be permitted to set up the separate defense alleged, in view of the character of the plaintiff's pleading and bill of particulars, and that the plaintiff's motion be denied." The court there refused to strike out a defense identical with that interposed in the case at bar, because of the difficulty in attempting to definitely state that the complaint was based upon a theory of express breach of contract as distinguished from one in tort.

We think, in the present state of the case, the court at Special Term very properly denied the motion of the plaintiff to strike out the separate and distinct defense contained in the answer of the defendant. It may develop at the trial that plaintiff's cause of action is in negligence. If so, then the defendant should be permitted to rest upon the special defense sought to be stricken from the answer.

The order appealed from should be affirmed, with twenty dollars costs and disbursements to the respondent.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements.