JAMES CORBETT, an Infant, by MICHAEL J. CORBETT, his Guardian ad Litem, Appellant, *v.* ST. VINCENT'S INDUSTRIAL SCHOOL OF UTICA, Respondent.

NEGLIGENCE — CHARITABLE INSTITUTION TO WHICH CONVICT MINORS ARE LEGALLY COMMITTED IS NOT LIABLE FOR DAMAGES SUSTAINED BY THEM RESULTING FROM NEGLIGENCE.    A charitable institution, organized under chapter 319, Laws of 1848, as amended by chapter 446 of the Laws of 1883, to support and maintain an industrial school and asylum for the sustenance and education of male orphan children, to which magistrates, under section 713 of the Penal Code, are authorized to send minors convicted of a crime, is, so far as such convicts are concerned, a governmental agency for their care, and is entitled to the same immunity from liability for damages arising from negligence as the state itself, and all its municipal divisions.    Such institution, therefore, is not liable to a minor convict. legally committed to it, for damages for a personal injury sustained by him while confined therein resulting from the alleged negligence of defendant's managers in failing to instruct him in the operation of a machine or to warn him that it was dangerous, or to post rules or regulations as to its use — the general law of negligence having no application to such a case.

*Corbett* v. *St. Vincent's Industrial School,* 79 App. Div. 334, affirmed.

(Argued November 25, 1903; decided December 8, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 19, 1903, upon an order reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry E. Miller* for appellant.    The defendant being the
owner and proprietor of a school, farm and manufacturing
establishment, which are conducted with the proceeds and
profits of the business under its control, it is not a charitable
corporation.    (*People ex rel.* v. *N. Y. Soc.*, 161 N. Y. 233.)
Conceding that defendant has no profit-sharing stock, and
derives no benefit from the business in which it is engaged,
and is, therefore, a charitable corporation, yet it is liable for
damages sustained by plaintiff resulting from a failure to per-
form its corporate duty.    The only exemption that can be
claimed by a charitable corporation, even when its acts are
purely charitable, is that it is not amenable to the rule of
*respondeat superior.*    (*Galvin* v. *R. I. Hospital*, 12 R.
I. 11; *Newcomb* v. *B. P. Department*, 151 Mass. 215;
*Collins* v. *N. Y. P. G. School*, 59 App. Div. 63; *Boyd*
v. *Ins. Patrol*, 111 Penn. St. 269; *Donnelly* v. *B. C.
Assn.*, 146 Mass. 163; *Davis* v. *C. C. Society*, 129 Mass.
367; *Laubheim* v. *De K. N. S. Co.*, 107 N. Y. 228; *Ward*
v. *St. Vincent's Hospital*, 39 App. Div. 624; 65 App. Div. 64;
*McDonald* v. *M. G. Hospital*, 120 Mass. 432; *Joel* v. *W.
Hospital*, 89 Hun, 73.)    The defendant, within the meaning
of the Labor Law, was a factory; and every violation of the
provisions of that law is evidence of negligence, which justi-
fied the verdict in this case.    (L. 1897, ch. 415, § 2; *Wyman*
v. *Orr*, 47 App. Div. 136; *Brady* v. *M. R. Co.*, 127 N. Y.
46; *Cameron* v. *Railroad Co.*, 145 N. Y. 400; *Coppins* v.
*N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557; *Whittaker* v.
*D. & H. C. Co.*, 126 N. Y. 544; *Maloy* v. *M. M. E. L. Co.*,
41 App. Div. 574; *Marino* v. *Lehmaier*, 62 App. Div. 43;
*McRickard* v. *Flint*, 114 N. Y. 222; *Pitcher* v. *Lennon*, 12
App. Div. 356.)    There being no contract relation existing
between plaintiff and defendant, and the services rendered by
him being involuntary and under coercion, it may not be argued
that the plaintiff assumed the risk of operating the machine.
(*Dowd* v. *R. R. Co.*, 170 N. Y. 459; *O'Mally* v. *S. B. G. L.
Co.*, 47 L. R. A. 161; *Eldridge* v. *A. S. Co.*, 134 N. Y. 187;
*Anderson* v. *N. Y. & C. M. S. Co.*, 17 Misc. Rep. 93.)    The

defendant, being a private corporation, and wholly free to exercise its discretion as to whether it would or would not receive boys into its school, and the terms and conditions on which they were received being founded entirely upon contract, it may not be held that the defendant is entitled to the same immunity and exemption from liability growing out of its negligence, enjoyed by public, municipal corporations while performing duties imposed by statute. In conducting its school and exercising authority necessary to carry order and decorum among its inmates, the defendant was not exercising governmental or sovereign power. (L. 1896, ch. 546, §§ 120.-130 ; L. 1848, ch. 319 ; L. 1883, ch. 446.)

*William Kernan* for respondent. The defendant was and is a benevolent and charitable corporation, incorporated under and pursuant to the statute authorizing the incorporation of benevolent and charitable societies. (L. 1848, ch. 319 ; L. 1883, ch. 445 ; L. 1872, ch. 104 ; *People* v. *Fitch,* 154 N. Y. 14 ; *People* v. *M. M. School,* 57 Hun, 312 ; *Collins* v. *N. Y. P. G. M. School,* 59 App. Div. 63 ; *Hughes* v. *County of Monroe,* 147 N. Y. 49 ; *McDonald* v. *M. G. Hospital,* 120 Mass. 432 ; *Benton* v. *City Hospital,* 140 Mass. 13.) The defendant, being a charitable and benevolent corporation, is not liable to the plaintiff for the injury sustained by him. (*Van Tussel* v. *M. E. & E. Hospital,* 39 N. Y. S. R. 781 ; *Joel* v. *Woman's Hospital,* 89 Hun, 73 ; *Collins* v. *N. Y. P. G. M. School,* 59 App. Div. 63–66 ; *Laubheim* v. *De K. N. S. Co.,* 107 N. Y. 228 ; *Benton* v. *City Hospital,* 140 Mass. 13.) The plaintiff having been committed to the defendant by a police magistrate of Syracuse, and the defendant having received him upon such committal, it was not acting in its private corporate capacity in its detention, care and control of him, but was acting for the city of Syracuse in the exercise of its governmental and sovereign power over criminals for the benefit of the public, and was not liable to the plaintiff for the injury sustained by him. (*Eddy* v. *Vil. of Ellicottville,* 35 App. Div. 256 ; *Alumango* v. *Bd. Suprs.,* 25 Hun, 551 ;

*Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160 ; *Doty* v. *Vil. of Port Jervis*, 23 Misc. Rep. 313 ; *Hughes* v. *County of Monroe*, 147 N. Y. 49 ; *S. F. Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 46 ; *Hall* v. *City of Boston*, 122 Mass. 344 ; *Fire Ins. Patrol* v. *Boyd*, 120 Penn. St. 624 ; *People* v. *Magdalena School*, 57 Hun, 312 ; *McDonald* v. *M. G. Hospital*, 120 Mass. 432.)

O'Brien, J. The plaintiff, a boy under sixteen years of age, brought this action in the name of his guardian *ad litem* against this defendant, to recover damages for a personal injury sustained by him while confined as a prisoner by the defendant, having been required to do some work in a laundry in which a machine called a "steam mangle" was in operation in doing the work. The plaintiff was assigned to duty in operating the mangle, assisted by another boy. He had never worked upon such a machine before, and it is claimed that he received no instructions from the managers of the defendant institution in regard to the management of the mangle, and while operating it on September 14th, 1900, his right hand was caught between the cylinders and severely burned, mutilated and crushed, and thus he became permanently disabled. The case was submitted to the jury and a verdict rendered for the plaintiff, upon which judgment was entered, but was reversed at the Appellate Division.

In view of the extensive discussion which the case received in the learned court below, the only question that need be discussed in this court is whether the general law of negligence has any application to the case, inasmuch as it is not claimed that there was any neglect on the part of the officers or managers of the defendant in the selection of their inferior agents, even though the injury occurred by the negligence of such agents. The relation of master and servant did not exist between the plaintiff and the defendant, nor any other relation based upon contract. The plaintiff, instead of being committed to a prison or reformatory, was confined in this institution in pursuance of law, and even

if it be true, as claimed by the plaintiff's counsel, that he received no instructions as to the operation of the machine, or any warning from the defendant that it was dangerous, or that the defendant posted no rules or regulations governing the management of such machinery, the question arises whether the defendant can be subjected to liability. The defendant is a charitable institution, organized under the laws of this state to support and maintain an industrial school and asylum for the sustenance and education of male orphan children.   Boys were committed to the defendant from various counties by the overseers of the poor, justices of the peace, police magistrates and judges.   For the care, education and support of such boys the counties, including Onondaga county, allowed and paid to the defendant for most of the boys two dollars per week.   It appears that the defendant had a farm in connection with its institution upon which it raised vegetables and hay for the institution, and upon which some of the boys did some work.   It also manufactured clothing for the boys and made stockings for their use.   For these purposes defendant had sewing and knitting machines.   The articles so manufactured by the inmates of the institution were not sold unless there was a surplus.   The defendant maintained a school for these boys, at which they were required to attend, and also maintained a laundry, in which was laundried the clothing of the inmates, but not for the public or for any one outside of the institution.   There is no proof in the case that any of the agents of the defendant were incompetent to discharge the duties assigned to them, or that the managers were negligent in their selection or retention of its employees.   On the 19th day of August, 1900, the plaintiff, who was then about fifteen years of age, was arrested upon the charge of petit larceny.   He was tried and convicted of this offense before a police justice, and thereupon committed to the defendant institution, where he was received and detained until after the occurrence of the accident in question, when he was discharged.   By section 713 of the Penal Code the court in which he was convicted was required to commit him to some

reformatory, charitable or other institution authorized by law to receive and take charge of minors. There is no dispute as to the fact that this institution was authorized to receive and take care of the plaintiff, and no question as to the legality of his commitment. It is quite true that the defendant was not obliged to receive him, but having decided to place him in the institution, the mere fact that it could have refused has no bearing on the question of liability.

When we read the statutes under which this institution was incorporated and which authorized county authorities to make contracts with it for the care and custody of juvenile delinquents, and the provision of the Penal Code authorizing magistrates and other authorities to send boys under the age of sixteen years to such institutions, it is manifest that the state has made use of these institutions for the purpose of caring for and taking charge of minors convicted of crime. That is one of the functions of government which the state may exercise and which it may delegate to charitable institutions created under its laws ; and for the purpose of taking care of the morals of the youthful delinquent himself. In other words, it was thought to be wise to send boys of that age to this institution rather than confine them in the state prisons or county jails, where they would necessarily mingle with older and more hardened criminals. This was, doubtless, the policy which was expressed in the statutes referred to. The question here is whether the defendant, acting so far as this plaintiff was concerned as a governmental agency for the care of such convicts, is not entitled to the same immunity from liability for damages in case of such accidents that is conceded to the state itself and to all its municipal divisions.

It is quite possible that if this case is governed by the general law of negligence, as applied to the relation of master and servant, there was sufficient evidence to justify the submission of the case to the jury. We do not, however, consider it necessary to pass upon that question, since it has been fully disposed of in the court below, and we think that, inas-

much as the defendant, in receiving and taking charge of the plaintiff, was exercising functions which in a large sense belonged to the state, it cannot be held liable for accidents of this character. This view is well supported by abundant authority, as will be seen by the adjudged cases which it is only necessary to cite without comment. (*Lewis* v. *State,* 96 N. Y. 71; *Hughes* v. *County of Monroe,* 147 N. Y. 49; *McDonald* v. *Mass. General Hospital,* 120 Mass. 432; *Benton* v. *Trustees of City Hospital of Boston,* 140 Mass. 13; *People ex rel. N. Y. Inst. for Blind* v. *Fitch,* 154 N. Y. 14; *People ex rel. Mt. Magdalen School* v. *Dickson,* 57 Hun, 312; *Collins* v. *N. Y. Post Graduate Medical School,* 59 App. Div. 63; *Joel* v. *Woman's Hospital,* 89 Hun, 73; *Springfield Fire & M. Ins. Co.* v. *Village of Keeseville,* 148 N. Y. 46.) The rule which exempts the defendant from damages resulting from accidents of this character would seem to be founded upon the plainest principles of reason and justice. The plaintiff was really a prisoner in the custody of the defendant, deprived of his liberty, and all his conduct and movements subject to such regulations as the defendant might reasonably prescribe, just as in the case of convicts in the prisons or jails of the state. In the interest of humanity it was thought to be wise to subject such young boys to a milder punishment than is meted out to older criminals. It was the duty of the defendant, having decided to receive the plaintiff into custody, to subject him to such care and discipline as would be likely to produce a reformation in his life, and to this end his employment at some useful labor was thought to be and doubtless was necessary. The defendant is in no sense a business enterprise; it has no stockholders and is not organized for money-making purposes. The fact that it has a farm, upon which it employs boys confined in the institution to some extent, does not change its character as a charitable institution. It appears that there were something less than two hundred boys in the institution at the time this accident happened; they were sent there, just as the plaintiff was, from various counties in the state. It is not at all likely

that the institution could support these boys upon the small pittance of two dollars a week, or less, as it was in some cases. Their proper support was derived from the farm and some other industries where the labor of the inmates could be utilized, and, of course, the proper care of their clothing rendered it necessary to keep and maintain a laundry. If, while working in that laundry upon a machine, the plaintiff was injured, as the record shows that he was, the result is doubtless unfortunate, but it is obvious that the defendant cannot be made liable in damages for the injury.

We think, therefore, that the judgment must be affirmed, with costs.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.