(120 App. Div. 633)

## MARTIN v. STATE.

(Supreme Court, Appellate Division, Third Department.    June 25, 1907.)

HOSPITALS—LIABILITY FOR NEGLIGENT INJURY—STATES—RESPONDEAT SUPERIOR.

    The state is not liable for the death of one lawfully present in a building at a state hospital, caused by a railroad car belonging to and in use by the state in connection with the hospital running into the building through being negligently left insufficiently blocked upon a steep grade, after being negligently inspected and utilized by the state; the rule of "respondeat superior" not applying.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Hospitals, § 13; vol. 9, Charities, § 103.]

Appeal from Court of Claims.

Claim by Thomas Martin, administrator, against the state of New York. From a judgment for the state, plaintiff appeals. Affirmed.

Before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Hawley & Carmer (Chester O. Swayne, of counsel), for appellant.

The Attorney General (Timothy I. Dillon, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiff's claim showed that while his intestate was lawfully present in a building upon the grounds of the Willard State Hospital, owned by the state of New York, a railroad car belonging to and in use by the state rolled down the track, running into the building and killing the intestate; that the railroad car was negligently left standing upon the tracks, upon a steep grade, not sufficiently blocked; and that the car, while defective, had been negligently and carelessly inspected and utilized by the state.

The Court of Claims properly dismissed the claim upon the trial. If the state had employed a team to carry its patients or supplies to and from the hospital, and the driver had been careless in managing it or in keeping the vehicle in repair, and an injury had resulted to a third person, it cannot be claimed, within Lewis v. State, 96 N. Y. 71, 48 Am. Rep. 607, that the state would be responsible for the negligence of the driver, as the rule of "respondeat superior" does not apply to the state. In employing a railroad track and cars, we must assume that they were a part of the appliances for the conduct and management of the hospital, and intended practically for the same service which would be performed by carriages or wagons to bring the patients or supplies to and from the institution, and the liability in the one case cannot differ from that in the other. It cannot be assumed, under the allegation of the claim, that the defendant was conducting a railroad upon its hospital grounds for hire or profit. In the man-

agement of its canals, and perhaps in some other cases, the state has made the rule of "respondeat superior" applicable to it, so that it is liable for the negligence of its servants. But that rule does not apply to its state hospitals, nor acts in relation thereto. If this hospital, instead of being carried on by the state, was carried on by a private corporation for the same charitable purposes, it would be exempt from the rule of "respondeat superior," and would not be liable in this case. Corbett v. St. Vincent's Industrial School, 177 N. Y. 16, 68 N. E. 997. The reasoning in Litchfield v. Pond, 186 N. Y. 66, 78 N. E. 719, applies with force here. For the negligence of the employés of the state, such employés, and not the state, are liable.

Having reached the conclusion that there is no legal liability against the state, it is unnecessary to discuss whether the Court of Claims would have jurisdiction in case such liability existed.

The judgment should be affirmed, with costs. All concur.