(174 App. Div. 44)

### ACKLEY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 26, 1916.)

1. APPEAL AND ERROR ⬅️927(4)—DISMISSAL—REVIEW—SCOPE AND EFFECT.
   Where an action was dismissed on the complaint and the opening by plaintiff's counsel, the case must be considered on appeal as if demurrer for insufficiency had been interposed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. ⬅️927(4).]

2. SCHOOLS AND SCHOOL DISTRICTS ⬅️47—BOARD OF EDUCATION.
   The board of education of New York City is a branch of the state government, charged by the state with the administration of its educational system in the city of New York.
   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 93–99; Dec. Dig. ⬅️47.]

3. REFORMATORIES ⬅️12—LIABILITY FOR NEGLIGENT INJURY TO INMATE.
   Under Laws 1910, c. 140, Greater New York Charter (Laws 1901, c. 466) § 1055 et seq., and Education Law (Consol. Laws, c. 16) §§ 633, 635, 636, providing for the establishment of a truant school, the reception and detention of truants, their industrial training therein, and the arrest of truants, the board of education of the city of New York is not liable for negligent injury to an inmate of the New York Parental School while at work, the Labor Law (Consol. Laws, c. 31) not applying, the relation of master and servant not existing, but his status being analogous to that of a convict.
   [Ed. Note.—For other cases, see Reformatories, Cent. Dig. § 3; Dec. Dig. ⬅️12.]

Appeal from Trial Term, Queens County.

Action by Peter Ackley, an infant, by his guardian ad litem, against the Board of Education of the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Edwin P. Kilroe, of New York City (Louis E. Swarts, of New York City, on the brief), for appellant.

William E. C. Mayer, of New York City (Terence Farley and Edward S. Malone, both of New York City, on the brief), for respondent.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JENKS, P. J. The infant plaintiff, when at work upon a printing press, had his knee caught in cogwheels and was injured. He sues for negligence, but was dismissed rightfully upon the complaint and the opening of his case. The learned counsel for the plaintiff stated at trial term that his opening was but amplification of the complaint. We read in the complaint that it charges negligence in failure to provide instruction and training, or a safe place for work, or proper rules for working and guarding machinery, or proper guards for machinery, or a competent person to take charge of the work. We read that the plaintiff had been committed to the Brooklyn Truant School by a magistrate, and thence transferred and committed to the New York Parental School, where he was an inmate at the time of this casualty. The defendant is charged with the said negligence, in that it conducted and maintained the said school under its care, management, supervision, and control, that pursuant to its orders the superintendent in charge managed and directed the school, and that the plaintiff was assigned to work in the printing shop or pressroom by the managers, supervisors, and directors of said school, who were the duly authorized servants, agents, and representatives of the defendant.

[1, 2] We must consider the case as if a demurrer for insufficiency had been interposed. Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112. The defendant is a branch of the state government, charged by the state with the administration of its educational system in the city of New York. Ham v. Mayor, 70 N. Y. 459; Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106; Schieffelin v. Komfort, 212 N. Y. 528, 106 N. E. 675, L. R. A. 1915D, 485. The establishment of a truant school, the reception and detention of the plaintiff therein, and his industrial training therein, are all prescribed by chapter 140, Laws of 1910, and by the Greater New York Charter, section 1055 et seq.

[3] I think that the status of this plaintiff as an inmate of such institution is analogous to that of a convict. He had been placed in the institution by the command of law. The statute authorizes "arrest" of "habitual and incorrigible truants," the bringing of them "before a police magistrate for commitment to a truant school" (Education Law, § 633), directs that such child "shall be proceeded against as a disorderly person, and upon conviction thereof" that it "shall be sentenced to be confined and maintained in such truant school for a period not exceeding two years" (sections 635 and 636). And the statute also provides:

"Such school or room shall be known as a truant school; but no person convicted of crimes or misdemeanors, other than truancy, shall be committed thereto." Section 635.

Instead of being committed to a prison or a jail, the infant plaintiff was committed to a place where he would not be contaminated by association with older persons who were hardened criminals, and where, while still in the formative period, he could both be educated and be taught some industrial pursuit. So far as the disposition of this case is concerned, there is no difference in his status and that of the inmate of a prison. The work being done by him at the time of the casualty

was imposed upon him by the state, and was a penalty, so to speak, of his confinement. See Corbett v. St. Vincent's Industrial School, 177 N. Y. 16, 68 N. E. 997.

The learned counsel for the appellant lays stress upon the fact that these provisions are not in the Penal Law, but are in the General Educational Law. It seems to me that such is their logical place, inasmuch as their purpose is to compel the "habitual and incorrigible truant" to learn—to become educated, not for the good of the individual alone, but for that of the collectivity also. Moreover, it must be remembered that the statutes place such a one in the status of a "disorderly person," and section 39 of the Penal Law (Consol. Laws, c. 40) provides:

"This chapter does not affect any power conferred by law upon any court-martial or other military authority or officer, to impose or inflict punishment upon offenders; nor any power conferred by law upon any public body, tribunal or officers, to impose or inflict punishment for a, contempt; nor any provisions of the laws relating to apprentices, bastards, disorderly persons, Indians and vagrants, except so far as any provisions therein are inconsistent with this chapter."

See, too, title 7, Code of Criminal Procedure.

This case is controlled by the rule that is declared and applied in Lewis v. State, 96 N. Y. 71, 48 Am. Rep. 607, and Corbett v. St. Vincent's Industrial School (supra). The Labor Law does not help the plaintiff, because the relation between him and the defendant was not that of master and servant, nor that of employer and employé. Corbett v. St. Vincent's Industrial School, supra. Such a relation arises upon contract, express or implied. Stevens v. Armstrong, 6 N. Y. 442.

The judgment must be affirmed, with costs. All concur.