WILLIAM GOODMAN, an Infant, by ROSE GOODMAN, His Guardian ad Litem, Appellant, *v.* BROOKLYN HEBREW ORPHAN ASYLUM, Respondent.

Second Department, June 22, 1917.

**Negligence — liability of orphan asylum for negligence resulting in choice of incompetent, unskillful and careless servants — trial — failure of counsel in opening to refer to essential allegations of complaint — erroneous nonsuit.**

The general principle protecting public institutions such as orphan asylums from liability in actions for negligence does not include their negligence resulting in the choice of incompetent, unskillful and careless servants.

The fact that in an action against such an institution the counsel for the plaintiff in his opening omitted to refer to allegations that the defendant in disregard of its duties negligently, carelessly and recklessly hired and furnished to the plaintiff incompetent, unskillful and careless superintendents, agents, teachers, guides and employees and that plaintiff's injuries were sustained by reason of such negligence, recklessness and wrongful conduct of the defendant, does not warrant the dismissal of the complaint.

But, *it seems* that, if counsel had stated that he had abandoned said charge or had admitted that he could not establish it or if such change of attitude had been elicited by inquiry of the court or of his opponent or in consequence of the affirmative assumption of the latter, then the complaint might properly have been dismissed.

APPEAL by the plaintiff, William Goodman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 8th day of June, 1916, upon a dismissal of the complaint by direction of the court at the opening.

*I. Gainsburg* [*Herman C. Pollack* with him on the brief], for the appellant.

*Meier Steinbrink*, for the respondent.

JENKS, P. J.:

The general principle that protected such institutions as the defendant from actions for negligence, as declared in *Corbett* v. *St. Vincent's Industrial School* (177 N. Y. 16) and *Ackley* v. *Board of Education* (174 App. Div. 44), does not

include their negligence that results in the choice of incompetent, unskillful and careless servants. Thus in *McDonald* v. *Massachusetts General Hospital* (120 Mass. 432) the court apply the general principle, but say: " It might well be questioned whether any contract could be inferred between the plaintiff and defendant. It has offered to him freely those ministrations which, as the dispenser of a public charity, it has been able to provide for his comfort, and he has accepted them. It has no funds which can be charged with any judgment which he might recover, except those which are held subject to the trust of maintaining the hospital. If, however, any contract can be inferred from the relation of the parties, it can be only on the part of the corporation that it shall use due and reasonable care in the selection of its agents. Where actions have been brought against commissioners of public works serving gratuitously, for negligence in carrying on the work, by which injury has occurred, it has been held that they were not liable if proper care had been used by them in selecting those who were actually to perform the work. *Holliday* v. *St. Leonard's*, 11 C. B. (N. S.) 192. The liability of the defendant corporation can extend no further than this; if there has been no neglect on the part of those who administer the trust and control its management, and if due care has been used by them in the selection of their inferior agents, * * * it cannot be made responsible." *McDonald's* case is cited generally as an authority in *Corbett's Case* (*supra*). (See, too, *Van Tassell* v. *Manhattan Eye & Ear Hospital*, 15 N. Y. Supp. 620; *Joel* v. *Woman's Hospital*, 89 Hun, 73; *Corbett* v. *St. Vincent's Industrial School*, 79 App. Div. 343–348; affd., 177 N. Y. 16; *Benton* v. *Trustees of Boston City Hospital*, 140 Mass. 13; *Farrigan* v. *Pevear*, 193 id. 147; *Plant System, etc.,* v. *Dickerson,* 118 Ga. 647; 7 Labatt Mast. & Serv. [2d ed.] 7683–7686; S. & R. Neg. [2d ed.] § 331. See, too, the discussion in *Hordern* v. *Salvation Army*, 199 N. Y. 233.) It is not necessary to determine whether this limitation rests in the distinction between the doctrine of *respondeat superior* and that of non-delegable duties or for other reasons. This limitation has not been accepted without some criticism and protest, prompted often by the consideration that a judgment on such liability none the less affects the defendant,

but if, for that consideration or· for any other, the principle should be unlimited, it should be thus declared by the Court of Appeals alone.

The plaintiff pleaded, *inter alia,* that the defendant, in disregard of its duties, negligently, carelessly and recklessly hired and furnished to the plaintiff incompetent, unskillful and careless superintendents, agents, teachers, guides and employees, and *inter alia* that plaintiff's injuries were sustained by reason of such negligence, recklessness and wrongful conduct of the defendant. The counsel for the plaintiff, in opening his case, did not mention this feature of the complaint, and, when he closed, the defendant moved to dismiss the plaintiff on the opening. The court thereupon dismissed the plaintiff, and a judgment was entered in that the court "upon the pleadings and upon the opening statement of plaintiff's counsel to the jury, and upon motion of defendant's counsel," had ordered dismissal. But the opening of counsel was not the plaintiff's pleading. The plaintiff should not have been dismissed unless the counsel "in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit." (*Hoffman House* v. *Foote,* 172· N. Y.. 350. See, too, *Montgomery* v. *Boyd,* 78 App. Div. 64; *Eckes* v. *Stetler,* 98 id. 76.) All that counsel did that can be charged up against the plaintiff was to omit mention of that feature of his complaint that I have hitherto described. If counsel had stated that he had abandoned that charge, or had admitted that he could not establish it, or if such change of attitude had been elicited by inquiry of the court or of his opponent or in consequence of the affirmative assumption of the latter, then nonsuit might properly have followed. But I think that such was not the situation when the counsel closed his address and when the court took up the motion for dismissal. (Baylies Tr. Pr. [2d ed.] 247; *Wilson* v. *Press Publishing Co.,* 14 Misc. Rep. 514.) In *Brashear* v. *Rabenstein* (71 Kans. 455) the court well say: "The pleadings, and not the statements, make the issues, and no matter how deficient a statement may be from an artistic standpoint, or what its shortcomings may be in the estimation of the critical attorney on the other side, the court is not authorized to end the case because of

them unless some fact be clearly stated or some admission be clearly made which evidence relevant under the pleadings cannot cure, and which, therefore, necessarily and absolutely precludes recovery."

It follows that, despite the omission of counsel in his opening, the plaintiff should not have been dismissed but he should have been afforded opportunity to establish, if possible, the negligence of the defendant in the selection of servants to whose culpability the casualty could be attributed.

The judgment is reversed and a new trial is granted, costs to abide the event.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.