ROSE JESSIE JAKED, an Infant, by GEORGE JAKED, her Guardian ad Litem, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF ALBANY, Defendant.

(Supreme Court, Albany Trial Term, December, 1920.)

Negligence — when board of education not liable for negligence of its agent — when motion to set aside verdict and dismiss complaint granted — actions — schools.

The duties of a board of education in the maintenance of a school building are governmental and as a corporate body the board of education is not liable for the failure or negligence of some subordinate or agent in the discharge of duty.

In an action brought by an infant pupil of a public school to recover for injuries alleged to have been caused by the negligence of the board of education, it appeared that while plaintiff was standing upon the inside of one of the vestibule gates at the main entrance, upon which two other children were standing, the gate being swung back and forth by two or three boys, she put out her foot to prevent the gate from going back against the vestibule and her leg was broken. It further appeared that the gate was so hung as to leave a space between it, when swung back, and the wall. The children, for a year previous to the accident, frequently used the gate as a plaything, and no other accident had happened. *Held,* that a motion to set aside the verdict in favor of plaintiff and to dismiss the complaint will be granted.

MOTION to set aside verdict and for dismissal of complaint.

H. J. Crawford, for plaintiff.

Arthur L. Andrews, corporation counsel (John J. McManus, of counsel), for defendant.

RUDD, J. This action was tried at the Albany Trial Term. The jury returned a verdict in favor of the

plaintiff for $400. The defendant moves to set aside the verdict and for a dismissal of the complaint.

The plaintiff alleges that the board of education of the city of Albany was guilty of negligence which resulted in the injury to the plaintiff.

The accident was unusual in its nature. It happened at School No. 1, located on the corner of Franklin and Bassett streets.

The plaintiff is an intelligent child and at the time of the accident was over seven years of age and a pupil in attendance at the school.

The school faces on Bassett street. There is an entrance for the boys on one side of the building and an entrance for the girls on the other side. The main central entrance facing Bassett street is reserved for the use of teachers, as they enter and leave the building, and certain pupils when accompanied by teachers, and this main entrance to the building is also used as an exit for the children of the school when a fire drill is had, and in that respect is an emergency exit.

The main entrance is through a vestibule protected by large iron gates at the street end of the vestibule with the front doors of the building somewhat back. The front doors open outward and the vestibule gates open inward. One of the gates is fastened back against the wall of the vestibule by a lock. The other gate was back against the wall but not locked.

The negligence alleged by the plaintiff was by reason of the unlocked gate, that because it was unfastened the children were accustomed to swing upon the gate, that it became dangerous in such use, and that the plaintiff in this action, standing upon the inside of the iron gate, upon which two other children were standing, the gate being swung by two or three boys back and forth, put out her foot to prevent the gate

from going back against the vestibule and her leg was broken.

The proof showed that the gate was hung upon stone projections at the outside or street side of the vestibule, which projections extended beyond the surface of the vestibule wall, thus leaving a space between the gate when it swung back and the vestibule wall.

It was testified that children frequently used one of these gates as a play thing, swinging back and forth. No other accident ever happened when the children were upon this gate.

The question in the disposition of this motion really to be determined is whether or not the board of education is guilty of negligence in not fastening the gate in question.

Under section 300 of the Education Law the board of education is a body corporate.

The courts have clearly shown that there are two duties imposed upon a municipal corporation, one governmental in its character and the other corporate. In its corporate capacity it will be held liable for the acts or omissions of its agents while in its governmental function it will not. *Wilcox v. City of Rochester*, 190 N. Y. 142.

This doctrine has been extended to charitable institutions organized under the law in the maintenance and operation of an industrial school. *Corbett v. St. Vincent's Industrial School*, 177 N. Y. 16.

In *Hordern v. Salvation Army*, 199 N. Y. 233, the Court of Appeals said, referring to the *Corbett v. St. Vincent's Industrial School* case: " That decision proceeded on the ground that the defendant was engaged in the performance of a governmental duty for the benefit of the state in respect to persons committed to its custody and possessed the same immunity as the state."

It was so held in *Ackley* v. *Board of Education of the City of New York,* 174 App. Div. 44.

Public education is a governmental function and the work of the state is carried on through the board of education of the city of Albany. While the board is a part of the municipal government of the city and is a corporate body, it discharged the duties required of the state in its governmental function.

The case of *Wilcox* v. *City of Rochester* seems to be controlling.

The duties of a board of education in the maintenance of a school building are governmental in their character.

This board cannot be held liable as a corporation because of the failure or negligence of some subordinate or agent.

In *Donovan* v. *Board of Education,* 85 N. Y. 117, it was held that the neglect in permitting an excavation in a school yard did not render the board liable, for the reason that the board was exercising a governmental function.

There is no evidence in this case to show that the board of education had notice of a condition which was obviously dangerous. The inference that the gates were fastened back, or should be fastened back to prevent the children from swinging on them for amusement, is no more apparent than would be an inference that the gates were intended to be fastened back, or at least one of them, so as to insure a ready exit during a fire drill or if a real emergency arose. No obviously dangerous condition really existed and therefore it could not be brought to the attention of the board of education.

The proof is that the children now and then used these gates, as did plaintiff at the time of the accident, for a year previous thereto and no accident happened.

Guided by the decisions of our courts it seems clearly that the case does not present one of liability as against the board of education of the city of Albany and, therefore, an order may be entered setting aside the verdict and dismissing the complaint.

Motion granted.