ROSE JESSIE JAKED, an Infant, by GEORGE JAKED, Her Guardian ad Litem, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF ALBANY, Respondent.

Third Department, July 7, 1921.

Schools — board of education liable for negligence in maintenance of school buildings resulting in injury to scholar where bound by statute to keep buildings in repair — action against board of education for injury to scholar while swinging on gate not equipped with fastening device — doctrine of respondeat superior not applicable — verdict sustained by evidence.

A board of education of a city, bound by the provisions of the Education Law with the duty of maintaining and keeping in repair the school buildings, may be held liable for its negligent acts resulting in injury to a scholar lawfully upon the premises, even though no statute has granted a right of action against said board because of injuries due to its negligence.

In an action against a board of education of a city to recover for injuries received by a scholar while swinging upon an iron gate at the entrance to the building, which gate was not equipped with a fastening device, it appeared that while the plaintiff was standing on the gate it was pushed back by other scholars and she was injured, and that for about a year prior to the accident there had been no means of fastening the gate when open and scholars had been accustomed to swing thereon.

*Held*, that the doctrine of *respondeat superior* does not apply for the negligence alleged is that of the defendant itself and not of its agents or employees;

That the verdict in favor of the plaintiff is supported by the evidence.

APP. DIV.—VOL. CXCVIII.      8

APPEAL by the plaintiff, Rose Jessie Jaked, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 11th day of December, 1920, upon an order setting aside the verdict in favor of plaintiff and dismissing the complaint, and also from the order, entered in said clerk's office on the 8th day of November, 1920, setting aside the verdict for $400 and directing the dismissal of the complaint.

*Henry J. Crawford,* for the appellant.

*John J. McManus,* for the respondent.

VAN KIRK, J.:

Plaintiff, a girl seven years of age, on November 22, 1918, was attending school No. 1 on Bassett street in the city of Albany. The school building is erected immediately upon the street line. The main entrance to the schoolhouse, intended for the use of teachers and visitors to the school, is on Bassett street. There is a vestibule, the floor of which is on the level with the street, extending several feet deep, from the rear of which floor are a number of steps leading up to the front door of the building. At the entrance to this vestibule are two large iron swinging gates, which when closed protect this vestibule. These gates are attached to hinges, which are attached to the outer walls of the building on either side of the entrance. These gates swing inward. In the wall back of one of these gates, when open, is an iron bar set in the wall, extending out some twelve or fourteen inches, so fashioned that, by means of a padlock, this gate may be fastened open. On November 22, 1918, there was no such bar in back of the other gate, but in a corresponding place in the wall back of this gate is a hole in which it is inferred that at some time a similar bar had been placed. At noontime on November 22, 1918, this plaintiff, with an older sister and some others, went to this main entrance and she, with four or five others, was swinging upon the gate which was not equipped with a fastening device. She was on the inside or back side of the gate. One or two boys pushed the gate back

toward the wall. Plaintiff, standing on the gate and evidently intending to hold the gate from reaching the wall, extended her leg back against the wall and her leg was broken above the ankle. For about a year prior to this accident there had been no means of fastening this gate when open, and scholars had been accustomed to swing on the gate. The complaint alleges that the defendant had the care, custody and control of the school building, and it was its duty to keep the building and the approaches thereto in a reasonably safe condition, so as not to endanger the life or limb of children attending the school, and not to use said building while in a dangerous condition; that the plaintiff was attracted by the gates and by seeing other children swinging thereon and got on the swinging gate; that the injuries were received solely as the result of the defendant's negligence in failing to keep the approach to the school building in reasonable repair and permitting the use of such approach when not in proper repair. There is no other charge of negligence against the defendant than the failure to provide a means of fastening the gate when open and permitting this entrance to be used when such means had not been provided. The questions of fact were submitted to the jury and they have found that the defendant was negligent in this respect and that the plaintiff was not negligent in a manner which contributed to her injuries. A verdict of $400 was rendered in favor of the plaintiff. Upon motion of the defendant, the court set aside the verdict and dismissed the complaint upon the ground that the defendant, in performing its duties in respect to the maintenance and repair of school buildings, is performing a governmental function as an agency of the State and for its benefit and is, therefore, immune from liability, as would be the State. (113 Misc. Rep. 572.)

The board of education of the city of Albany is a body corporate. (Education Law, § 300.) The powers and duties of a board of education include (Education Law, § 868, as added by Laws of 1917, chap. 786) " any duty imposed upon boards of education or trustees of common schools under this chapter or other statutes, * * * the care, custody, control and safekeeping of all school property; " and (Education Law, § 875, as added by Laws of 1917, chap. 786) " power

to purchase, repair, remodel, improve or enlarge school buildings * * * and to construct new buildings." The State imposes some of its duties by statute upon municipalities and agencies, authorizing departments of police, charity, fire, education and highways. These agencies are for the efficient exercise of these governmental functions. The State is immune from action by any person on account of its own acts, or of the acts or negligence of its agents, unless it has given express consent (*Buckles* v. *State of New York*, 221 N. Y. 418; *Matter of Hoople*, 179 id. 308, 311), and the agency of the State, upon which is imposed the performance of a governmental duty, is entitled to and has the same immunity from liability for its acts, or the acts of its representatives, in the performance of that duty, as does the State itself. (*Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16; *Wilcox* v. *City of Rochester*, 190 id. 137; *Maxmilian* v. *Mayor*, 62 id. 160; *Ackley* v. *Board of Education*, 174 App. Div. 44; *Donovan* v. *Board of Education of City of N. Y.*, 85 N. Y. 117; *Gaetjens* v. *City of New York*, 132 App. Div. 394; *Ham* v. *Mayor*, 70 N. Y. 459, 463; *Springfield Fire Ins. Co.* v. *Village of Keeseville*, 148 id. 46.)

This immunity was given to the city of Rochester in respect to the management of the building for police headquarters in a suit brought by a mechanic going to work in the building, who fell into an elevator shaft, the door thereof having been left open negligently by the operator, an employee of the city (*Wilcox* v. *City of Rochester, supra*); and to the city of Buffalo in respect to the management of a city and county hall in a suit brought by one who was injured on an elevator in the city hall by reason of the negligence of the operator (*Moest* v. *City of Buffalo*, 116 App. Div. 657; affd., 193 N. Y. 615); and to St. Vincent's Industrial School in an action by a minor convict, who had been committed to the school, for injuries sustained by him because of the negligence of defendant's manager in failing to instruct him in the proper operation of a machine (*Corbett* v. *St. Vincent's Industrial School, supra*), in which case the court said: " The question here is whether the defendant, acting so far as this plaintiff was concerned as a governmental agency for the care of such convicts, is not entitled to the same immunity from liability for damages in case of such accidents that is conceded to the

State itself and to all its municipal divisions;" and the court concludes: "We think that, inasmuch as the defendant, in receiving and taking charge of the plaintiff, was exercising functions which in a large sense belonged to the State, it cannot be held liable for accidents of this character;" and to the county of Monroe in an action by an employee in the Monroe County Insane Asylum who ·was injured while operating a steam mangle in the laundry. (*Hughes* v. *County of Monroe,* 147 N. Y. 49.)

This rule of total immunity is applied strictly in some States. In a leading case in Massachusetts (*Hill* v. *City of Boston,* 122 Mass. 344; 23 Am. Rep. 332) it was held that a child attending a public school in a schoolhouse provided by the city, under the duty imposed upon it by statute, cannot maintain an action against ·the city for the injuries suffered by reason of the unsafe condition of the staircase in the schoolhouse over which he is passing, because no private action, unless expressly authorized by statute, can be maintained against the city for the neglect of a public duty imposed upon it by law for the benefit of the public, and from the performance of which the corporation receives no profit or advantage. Also in Illinois recovery was denied to a workman injured while fixing a roof on a schoolhouse because of a defective scaffold. (*Kinnare* v. *City of Chicago,* 171 Ill. 332.) But in many cases in the State of New York this total immunity is not granted to those performing a governmental duty imposed by the State.

The care of the highways is a State duty. It has been uniformly recognized that at common law there is no liability resting on a city or a town for injuries occasioned by a defect in a street or highway, except the right to maintain such action has been given by statute, in which case all the conditions fixed in the statute must be complied with as ·conditions precedent to the right of maintaining the action. Since 1881 (Laws of 1881, chap. 700; Highway Law [Gen. Laws, chap. 19; Laws of 1890, chap. 568], § 16; Highway Law [Laws of 1908, chap. 330], § 74; Highway Law [Consol. Laws, chap. 25; Laws of 1909, chap. 30], § 74, as amd. by Laws of 1913, chap. 389, and Laws of 1918, chap. 161) such actions have been permitted by statute, but prior to that time and at a very early

date the officer having the duty to maintain highways was held liable to one injured because of a defect therein, if he had the necessary funds to make the repairs. (*Robinson* v. *Chamberlain*, 34 N. Y. 389; *Hover* v. *Barkhoof*, 44 id. 113; *Bryant* v. *Town of Randolph*, 133 id. 70.) In these cases the proposition is laid down that a public officer upon whom the State has imposed duties which are not judicial in their nature, is answerable in damages to any one injured by his careless and negligent performance of, or omission to perform the duties of his office. Dillon on Municipal Corporations (5th ed. p. 2888) says: " But in New York these principles [governing immunity from liability for acts while engaged in a governmental duty] do not appear to be fully adhered to. If the city or board of education does not have control of the school buildings in such sense that it has the power to keep them in repair, it is not liable for the acts of the officials upon whom that duty is imposed by statute. But if the statute imposes upon the board of education or other officials the duty of maintaining and keeping in repair the school buildings and by reason of the neglect or default of the board of education or other officials upon whom the duty is imposed, a scholar or other person lawfully upon the premises is injured, then the board of education or other official is liable for its negligent acts."

No statute has granted a right of action against boards of education because of injuries due to their negligence, but the rule above quoted from Dillon on Municipal Corporations, as to the liability of boards of education and other officials when the State has imposed a duty upon them, is justified by the following authorities: *Wahrman* v. *City of New York* (111 App. Div. 345; affd., 187 N. Y. 331; cited and approved in *Titusville Iron Co.* v. *City of New York*, 207 id. 203, 208); *Higbie* v. *Board of Education* (122 App. Div. 483); *McCarton* v. *City of New York* (149 id. 516, 519); *Katz* v. *City of New York* (162 id. 132).

Whether or not a sound reason may be given for a distinction between the holdings in the cases last cited and in the cases respecting the liability of highway officers on the one hand, and the holdings, for example, in *Wilcox* v. *City of Rochester* (*supra*); *Corbett* v. *St. Vincent's Industrial School* (*supra*), and *Hughes* v. *County of Monroe* (*supra*), the courts

have long recognized the distinction, and we think it should be recognized here.

The doctrine of *respondeat superior* does not apply in this case. The negligence of which complaint is here made is the negligence of the defendant itself, not that of agents or employees. (See *Maxmilian* v. *Mayor*, *supra; Ham* v. *Mayor*, *supra.*)

The respondent urges strongly that the facts do not show negligence on the part of the defendant. We have examined with care the evidence and the argument and authorities presented by counsel. We feel that the verdict of the jury is supported by evidence and that the court should follow its findings.

The judgment and the order setting aside the verdict are reversed and the verdict is restored, with costs to the plaintiff.

All concur.

Judgment and order setting aside verdict reversed and the verdict restored, with costs to the plaintiff.