JULIUS SHAPIRO, as Administrator, etc., of SAMUEL SHAPIRO, Deceased, Plaintiff, v. JEWISH BOARD OF GUARDIANS and Another, Defendants.

Supreme Court, Special Term, Kings County, November 10, 1937.

*Drazen & Drazen* [*Joseph D. Drazen* of counsel], for the plaintiff.

*Ireland & Cohen* [*Leo L. Walton* of counsel], for the defendant Jewish Board of Guardians.

BROWER, J. This is a motion by defendant Jewish Board of Guardians for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The sole ground on which this relief is sought is that at the time the damages were sustained as alleged

in the complaint the defendant was engaged in its capacity as a governmental agent, and as such agent is entitled to the same immunity the State of New York would have in the absence of any statute wherein the State waives its immunity.

The complaint alleges that defendant is a corporation duly authorized by law to receive children remanded or committed by a justice of the Children's Court of the Domestic Relations Court of the City of New York; that on December 10, 1935, plaintiff's intestate was remanded by a justice of such court to a school owned, operated, managed and controlled by defendant; that on or about May 30, 1936, plaintiff's intestate resisted a wanton, immoral and brutal attack and assault made by other inmates and boys of said school, and was brutally and viciously assaulted and pushed out of a window, causing bodily injuries which resulted in his death; and that such attack and ensuing death was the result of negligent, careless, wrongful, improper and faulty acts and omissions (which are set forth in some detail) on the part of defendant.

The custody of persons convicted of crime is one of the functions of government which the State may exercise and which it may delegate to charitable institutions created under its laws. In the exercise of that delegated function, the institution is not liable for the torts of its agents or contractors. (*Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16.) Here the complaint not alone charges the defendant with default on the part of its agents and contractors, but default on its own part, including a specification that it " negligently, carelessly, wrongfully, improperly and faultily failed to provide ample and/or competent attendants, guards and/or employees." Where the corporate body acts for itself and not through the agency of its officers and employees, it is bound to act with due regard for the safety of those in its care in the discharge of those duties imposed upon it by law, which are not delegated or delegable to others. (*Herman* v. *Board of Education* (234 N. Y. 196. See, also, *Sheehan* v. *North Country Community Hospital*, 273 id. 163.)

Motion denied.