HUGH Fox, an Infant, by AGNES O'ROURKE, His Guardian ad Litem, et al., Plaintiffs, *v.* MISSION OF THE IMMACULATE VIRGIN FOR THE PROTECTION OF HOMELESS AND DESTITUTE CHILDREN, Defendant.

Supreme Court, Special Term, Kings County, June 17, 1952.

*Barrett, Molloy & Swiggett* for defendant.

*Julius A. Itzkowitz* for plaintiffs.

Moss, J. This is a motion to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint sets forth two causes of action, one on behalf of the infant plaintiff to recover damages for personal injuries allegedly sustained by the infant when he fell through an alleged unscreened and unguarded window in the dormitory of defendant's premises, and the other by the infant plaintiff's mother to recover for loss of services and medical expenses.

" Generally speaking," defendant contends, " the rights, duties, and liabilities of one standing in loco parentis are the same as those of a natural parent " (67 C. J. S., Parent and Child, § 72, p. 804), and that this relationship precludes a recovery. Defendant places the instant case within the decisions that an unemancipated child may not sue his parent for negligence (*Sorrentino* v. *Sorrentino,* 248 N. Y. 626).

The court is of the opinion that the defendant is in error in applying the above principles to the case at bar, in that certain fundamental rights, duties and responsibilities of a parent are lacking in the relationship between the infant plaintiff and defendant. As was said by the court in *Strauss* v. *United States* (160 F. 2d 1017, 1018): " Without doubt, there was a strong bond of affection between the defendant and insured, but that is not sufficient to establish the fact that she stood *in loco parentis.* There are certain obligations inherent in the parental relationship to a minor child, obligations which the defendant never undertook to perform, and never showed any intention of performing. Foremost among these obligations is the responsibility for the support of the child."

It cannot be said that the defendant was obligated to support the infant plaintiff. On the contrary, the City of New York in placing the infant as a destitute child assumed payment for the child's care and support (Administrative Code of City of New York, ch. 24, § 603–6.0).

Among other reasons assigned by our courts for denying an unemancipated child the right to recover for personal injuries inflicted by a parent is the danger of disrupting the tranquillity of the family and the interference with parental discipline and control (*Crosby* v. *Crosby,* 230 App. Div. 651, 652). No such reason exists here for denying the infant plaintiff the right to sue the defendant corporation.

Other elements of the parental relation are also absent. The permanence inherent in such relationship is lacking. Further

the defendant would not inherit from the infant plaintiff, nor would the infant plaintiff share in the assets of the defendant in the event of its dissolution.

The defendant's position with respect to the infant plaintiff is simply that it has temporary custody and supervision of him. A defendant temporarily in this position may be liable for negligence. In *Cashen* v. *Riney* (239 Ky. 779, 787) the court stated: '' A person standing temporarily in loco parentis may not shut his eyes to obvious danger threatening the moral or physical well-being of the child committed to his custody and plead nonliability when injury, due to his failure to exercise that degree of care incumbent upon him under the circumstances, results.'' (See, also, cases cited in 67 C. J. S., Parent and Child, p. 807.)

In *Goodman* v. *Brooklyn Hebrew Orphan Asylum* (178 App. Div. 682 [2d Dept.]) the court stated in a like situation at pages 682–683: '' The general principle that protected such institutions as the defendant from actions for negligence, as declared in *Corbett* v. *St. Vincent's Industrial School* (177 N. Y. 16) and *Ackley* v. *Board of Education* (174 App. Div. 44) does not include their negligence that results in the choice of incompetent, unskillful and careless servants.'' Similarly, in *Bernal* v. *Baptist Fresh Air Home Soc.* (275 App. Div. 88, affd. 300 N. Y. 486), the defendant, a charitable society, operated a free camp for children. The source of all funds was solely voluntary charitable contributions and no money whatever was received from any of the campers. The defendant was held responsible to a girl camper for the condition of its premises.

The defendant also urges as ground for dismissal of the complaint that the infant plaintiff was a licensee upon the premises of defendant and that the defendant owed him a duty only to abstain from active affirmative negligence or from willfully and intentionally injuring him. The complaint however alleges that the defendant was negligent '' in negligently and carelessly hiring and furnishing to said inmates, including the infant plaintiff herein, incompetent, careless and unskilled supervisors, agents, teachers, servants, counsellors, prefects and other employees.'' These allegations alone are sufficient to spell out a cause of action by both plaintiffs against the defendant (*Goodman* v. *Brooklyn Hebrew Orphan Asylum, supra*).

Defendant's motion to dismiss the complaint is denied in all respects. Settle order on notice.